# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,              :        Case No. 3:04-cr-086
                                                                also 3:09-cv-486

                                                                District Judge Walter Herbert Rice
      -vs-                                               Magistrate Judge Michael R. Merz
                                           :

RUDOLPH E. RHABURN,

       Defendant.

---

## REPORT AND RECOMMENDATIONS

---

       This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 314). The matter was stayed for five months on Defendant's request because of his absence from federal custody (Doc. Nos. 318-320). After the stay was dissolved, the United States answered (Doc. No. 323). The time set for Defendant to file a reply expired on December 1, 2010, and no reply has been filed.

    Defendant pleads the following ten grounds for relief:

> **Ground One:** Ineffective assistance of counsel – Equal Protection Clause – Batson Challenge – Trial Counsel.
>
> **Supporting Facts:** Trial counsel, Charles Slicer, upon Petitioner's request refused to raise an objection to U.S. attorney Richard Chema's intentional discrimination to strike an African American juror from the panel during jury voir dire, failing to raise a Batson challenge upon Petitioner's request.
>
> **Ground Two:** Ineffective assistance of counsel – Equal Protection Clause – Batson Challenge – Appellate Counsel.
>
> **Supporting Facts:** Appellate counsel, Michael Brennan, upon Petitioner's request refused to raise a Batson argument to U.S.

1

attorney, Richard Chema's intentional discrimination during jury voir dire to strike an African American juror from the panel.

**Ground Three:** Ineffective Assistance of Counsel – Due Process Clause – Crawford Challenge - Appellate Counsel.

**Supporting Facts:** Appellate counsel, Michael Brennan, upon Petitioner's request refused to raise a properly preserved Crawford Challenge during trial by trial counsel, Charles Slicer, that statements made by co-defendant, Jose Servin, were hearsay and there was no prior opportunity for cross-examination, on direct appeal.

**Ground Four:** Ineffective Assistance of Counsel – Due Process Clause – Suppressed Evidence – Trial Counsel.

**Supporting Facts:** Trial counsel, Charles Slicer, upon request refused to object to U.S. Attorney's, Richard Chema, breach of Agreement/Stipulation made by U.S. Attorney, Robert Knief, that he would not enter any evidence from the search of two hotel rooms, that he believed those searches to be illegal, later introduced into trial by Mr. Chema.

**Ground Five:** Ineffective Assistance of Counsel – Due Process Clause – Suppressed Evidence – Appellate Counsel.

**Supporting Facts:** Appellate counsel, Michael Brennan, upon request refused, on direct appeal, to raise an argument of U.S. Attorney, Mr. Chema's introduction of suppressed evidence into trial, breaching U.S. Attorney Robert Knief's Agreement/Stipulation not to enter into evidence at trial any evidence from the search of the two hotel rooms.

**Ground Six:** Ineffective Assistance of Counsel – Due Process Clause – Defense – Trial Counsel.

**Supporting Facts:** During trial, upon Petitioner's request, Trial Counsel Charles Slicer failed to prepare for a defense, call any suggested witnesses, or present any favorable admissible evidence during trial stating he had nothing to present.

**Ground Seven:** Ineffective Assistance of Counsel – Due Process Clause – Sentencing – Trial Counsel.

**Supporting Facts:** Trial counsel, Charles Slicer, upon request to argue sentencing issues, refused to investigate, participate in, prepare for sentencing or argue attributable drug quantities and any mitigating factors at sentencing, stating he had nothing to add.

>**Ground Eight:** Ineffective Assistance of Counsel – Due Process Clause – Sentencing – Appellate Counsel.
>
>**Supporting Facts:** Appellate counsel stated that raising a sentencing argument on direct appeal will not vacate Petitioner's conviction and refused to raise any suggested arguments of mitigating factors, attributable drug quantities, or departures.
>
>**Ground Nine:** Ineffective assistance of counsel – Due Process Clause – Complete Transcripts – Appellate Counsel.
>
>**Supporting Facts:** Appellate counsel stated he will not raise any arguments of jury voir dire or sentencing, that there was no need to order or review those transcripts and refused to order a complete record of trial and sentencing transcripts.
>
>**Ground Ten:** Ineffective assistance of counsel – Due Process Clause – Sentencing – Appellate Counsel.
>
>**Supporting Facts:** Appellate counsel did not order sentencing transcripts to review for sentencing issues as requested by Petitioner of any mitigating factors, attributable drug quantities, or departures, stating arguments will not vacate the sentence failing to oreder [sic] the records against petitioner's request.

(Motion, Doc. No. 314.)

### Ineffective Assistance of Counsel

All of Defendant's Grounds for Relief are couched as claims he was denied the effective assistance of counsel, guaranteed by the Sixth Amendment, by either his trial or appellate attorney. The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

>A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the

3

>deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

>Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

>The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

In many of his Grounds for Relief, Defendant mentions that his attorney failed to take some action which Defendant requested. An attorney undoubtedly has a duty to consult with the client regarding "important decisions," including questions of overarching defense strategy. *Florida v. Nixon*, 543 U.S. 175 (2004), citing *Strickland*, 466 U.S., at 688. That obligation does not require counsel to obtain defendant's consent to every tactical decision. *Id. citing Taylor v. Illinois*, 484

4

U.S. 400, 417-418 (1988), holding that an attorney has authority to manage most aspects of the defense without obtaining his client's approval. Certain decisions regarding the exercise or waiver of basic trial rights cannot be made by the attorney. These include whether to plead guilty, waive a jury, testify in his or her own defense, or take an appeal. *Id. citing Jones v. Barnes,* 463 U.S. 745, 751 (1983); *Wainwright v. Sykes*, 433 U.S. 72, 93, n.1 (1977)(Burger, C.J., concurring).

Counsel's tactical decisions are particularly difficult to attack. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). Indeed, strategic choices by defense counsel are "virtually unchallengeable." *Buell v. Mitchell,* 274 F. 3rd at 337, 359 (6th Cir. 2001), quoting *Meeks v. Bergen*, 749 F. 2nd 322, 328 (6th Cir. 1984).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004)*;See Smith v. Murray*, 477 U.S. 527 (1986).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674(6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Counsel's

5

failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented. *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir, 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

Defendant's ten grounds for relief are analyzed in light of this governing law.

### Grounds One and Two

In his first two Grounds for Relief, Defendant criticizes his trial and appellate counsel for failure to raise a challenge to the fact that an African American venireman was excused and Defendant believes the excuse amounted to intentional discrimination under *Batson v. Kentucky*, 476 U.S. 79 (1986).

Defendant has made no showing that there is any merit to this claim. While presumably he would have no difficulty showing a prima facie case (i.e., that an African American venireman was in fact excused), there is simply no proof offered that this excuse was pretextual. As the Government points out, when the co-defendant's *Batson* challenge was remanded, Judge Rice found that it was without merit.

Without some proof that a *Batson* challenge would have been successful, there cannot have been any deficient performance in not making the challenge or not raising it on appeal. Grounds

One and Two are without merit.

## Ground Three

In Ground Three, Defendant criticizes his appellate counsel for not raising a challenge on appeal to the admission of statements by a co-defendant, Jose Servin. This issue arises under *Crawford v. Washington*, 541 U.S. 36 (2004), and was thoroughly dealt with by Judge Rice on the Government's motion in limine prior to trial. Even though the issue was preserved for appeal, Defendant has made no showing that the claim would have had any chance of success on appeal. In his motion papers, he merely recites a reference to *Crawford* and avers that the issue was preserved. To prevail on this claim, he would have to show that there was some merit to the claim and that it was a stronger issue than those which were raised. This he has failed to do. The third Ground for Relief should therefor be denied on the merits.

## Grounds Four and Five

In his fourth and fifth Grounds for Relief, Petitioner criticizes his trial and appellate counsel for not attempting to enforce what he believes was a stipulation by Assistant United States Attorney Robert Knieff not to offer certain evidence seized from a hotel room because of his belief that the search of that room was unconstitutional under the Fourth Amendment.

The context of this matter is set forth in the Government's Answer (Doc. No. 323, PageID 3909-3910). The evidence in question was seized from the hotel room of the lead Defendant, Mr. Parades-Lima. He would have been the only person with a viable constitutional claim because his would have been the only privacy rights under the Fourth Amendment at issue in the search. Once

he pled guilty, the Government sought and obtained a ruling from the Court that there was no constitutional bar to presenting the evidence.

Defendant here offers no argument why that conclusion by the Court was wrong and therefore why it would have been appropriate for his trial counsel to object or his appellate counsel to appeal. Defendant has failed to show any constitutional violation with respect to the evidence seized from the hotel room. In particular, there is no constitutional bar to the Government seeking at a later stage of a case to introduce evidence as to which there had been previously some constitutional bar. Grounds Four and Five are without merit.

### Ground Six

Inn his sixth Ground for Relief, Defendant criticizes his trial attorney for not presenting a defense. As the Government points out, this claim fails on both prongs of the *Strickland* standard. First of all, the record shows Defendant agreeing with his counsel about not presenting evidence when he was questioned about that by Judge Rice. Defendant is hardly in a position to critique a trial tactic in which he expressly acquiesced.

Far more important, Defendant has not even begun to show how he was prejudiced by this decision. What witnesses would have been called? What would they have testified to? Were they available and willing to testify?

In the absence of any showing what defense should have been offered, Ground Six is without merit.

### Grounds Seven and Eight

In Grounds Seven and Eight, Defendant complains that his trial and appellate counsel should have made more argument about his sentence – "mitigating factors, attributable drug quantities, and departures." This argument fails for the same reasons as Ground Six: Defendant has not even suggested, much less proved, that there was anything more useful to be said.

Lack of prejudice is very important on these two grounds. Defendant received a sentence at the very bottom of the advisory sentencing guideline range, 121 months. Moreover, that was only one month more than the absolute statutory minimum of 120 months upon the jury's conviction of the charge with the quantity of drugs found. Grounds Seven and Eight are without merit.

### Grounds Nine and Ten

In his last two Grounds for Relief, Defendant complains that his appellate counsel did not order transcripts of the voir dire and of sentencing.

As the Government points out, the voir dire proceedings were transcribed and are of record, so no ineffective assistance of appellate counsel can be predicated on their lack of preparation. If Defendant's complaint is that he was not given a copy of the voir dire transcript, he has failed to show how that is either deficient performance or prejudicial.

Finally, it cannot have been ineffective assistance of appellate counsel to fail to order a copy of the sentencing transcript when no error in sentencing was presented on appeal and in any event Defendant was only sentenced to one month more than the statutory minimum.

## Conclusion

All the Grounds for Relief raised in the § 2255 Motion are without merit. It should therefore be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied a certificate of appealability and any request to appeal *in forma pauperis*.

December 9, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).