**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

        Plaintiff,              :        Case No. 3:04-cr-086
                                                                          also 3:09-cv-486

                                                                          District Judge Walter Herbert Rice
      -vs-                                                Magistrate Judge Michael R. Merz

                                                :

RUDOLPH E. RHABURN,

        Defendant.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

       This case is a proceeding on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 314). On December 9, 2010, the Magistrate Judge filed a Report and Recommendations recommending dismissal of the § 2255 Motion with prejudice (Doc. No. 326). Petitioner now objects (Doc. No. 330). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

       These Objections are Defendant's first response to the Government's Answer. On July 12, 2010, the Court dissolved a stay of proceedings which had been in place at Defendant's request for about five months (Order, Doc. No. 320). The Government was ordered to file an answer and Defendant was given thirty days after the answer to file a reply. When the Answer was filed November 1, 2010, Defendant's reply date was set for December 1, 2010, but he filed nothing by that date. On December 6, 2010, he filed a motion to extend his time another sixty days; at this point the § 2255 Motion had been pending for almost a year. By the time that Motion arrived at Court on

1

December 13, 2010, the Magistrate Judge had already filed the Report and Recommendations, but granted Defendant the full sixty days requested to file objections (Doc. No. 328).

**Grounds One and Two: Batson Challenge**

In Grounds One and Two, Defendant claims his trial and appellate counsel were ineffective for not raising a *Batson* challenge. As the Government pointed out in its Answer, the co-defendant Alaric Simon's *Batson* challenge has been rejected by this Court. Defendant's sole argument is that because Simon has appealed and might win on appeal, he might also have a good *Batson* claim. He places great weight on the fact that Mr. Simon received a remand from the Sixth Circuit for further analysis of his *Batson* claim, arguing this shows "proof of its success on direct appeal" (Objections, Doc. No. 320, PageID 3946).

In *United States v. Torres-Ramos*, 536 F.3d 542 (6th Cir. 2008),cert. denied,129 S. Ct. 772 (2008), the Sixth Circuit remanded on a point of law and commanded that, on remand, white jurors who were actually seated be compared with the African-American potential juror who was excluded to determine, at the third step of the *Batson* analysis, whether the prosecutor's proffered reasons for exercising the peremptory challenge were a pretext for racial discrimination. *Id.* at 560. Judge Rice performed that analysis and concluded that there were non-pretextual distinctions between the excluded potential juror and white jurors actually seated who possessed some of the same characteristics as the excluded venireman (Decision and Entry, Doc. No. 307).[1] Accordingly, he denied the *Batson* challenge. *Id.* Mr. Simon has appealed (Notice of Appeal, Doc. No. 308). The appeal remains pending and the Sixth Circuit has refused to release Mr. Simon pending appeal (Doc.

---

[1]The Magistrate Judge does not recite those comparisons here because Judge Rice has ordered his Decision on remand sealed.

No. 325).

In order to obtain relief on either Ground One or Ground Two, Mr. Rhaburn must meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), deficient performance and prejudice resulting from counsel's error. To prevail on the prejudice prong, he would have to show that the result of his case would likely have been different if counsel had not performed deficiently. As to these two Grounds for Relief, that amounts to showing that the *Batson* challenge is likely to succeed. Mr. Rhaburn's *Batson* challenge is exactly the same as Mr. Simon's and Judge Rice has already determined it is without merit. The burden of proving purposeful discrimination is on the defendant. *Purkett v. Elem,* 514 U.S. 765 (1995); *Hernandez v. New York*, 500 U.S. 352 (1991). The trial judge's conclusion that there was no purposeful discrimination is a finding of fact and must be upheld unless it is clearly erroneous. *Hernandez*; *supra*; *United States v. Tucker*, 90 F.3d 1135, 1142 (6th Cir. 1996); *United States v. Peete*, 919 F.2d 1168, 1179 (6th Cir. 1990). Judge Rice's analysis on Mr. Simon's challenge is thorough, considers all the evidence Mr. Simon wanted considered, even beyond that commanded by the Court of Appeals, and follows the Sixth Circuit's mandate on the manner of comparison. It is, in the Magistrate Judge's opinion, very unlikely to be reversed on appeal. Therefore, in relying merely on the fact that Mr. Simon has appealed, Mr. Rhaburn has failed to show any merit on his first two Grounds for Relief.

### Ground Three: Confrontation Clause

In Ground Three, Mr. Rhaburn asserts his appellate attorney was ineffective for failure to raise a Confrontation Clause challenge to the testimony of Jose Servin which had been preserved for appeal. In the Report and Recommendations, the Magistrate Judge rejected this claim because Mr. Rhaburn made no showing on the merits, to wit, that this claim would likely have prevailed on

appeal.

As the Government pointed out in its Answer, Judge Rice considered this claim on the Government's Motion in Limine prior to trial and found that the statements in question were non-testimonial for Confrontation Clause purposes. Defendant offers no persuasive argument as to why that ruling was incorrect or why this would have been a stronger issue on appeal than the issues which were raised.

### Grounds Four and Five

In Grounds Four and Five, Mr. Rhaburn claims ineffective assistance of trial counsel and ineffective assistance of appellate counsel, respectively, in the failures of his trial and appellate counsel to challenge the use at trial of evidence seized from Mr. Paredes-Lima's hotel room.

At the time of the suppression hearing, Government's counsel Robert Knief indicated the Government would not be seeking to introduce evidence seized from Mr. Paredes-Lima's hotel room. By the time of trial, Paredes-Lima had agreed to plead guilty. The Government thereupon moved the Court to allow use of the evidence seized from that hotel room and Judge Rice agreed.

Mr. Rhaburn now claims he was prejudiced by the Government's change of mind because it prevented his attorney from seeking to suppress the evidence from the hotel room (Objections, Doc. No. 330, PageID 3950). But Mr. Rhaburn has not shown any prejudice because he has not given any reason why a motion to suppress filed by him would have succeeded. If it was Mr. Paredes-Lima's hotel room which was searched, he would be the only person who would have standing to make a constitutional objection to the search. Of course, if he had been tried jointly with Mr. Rhaburn as was apparently the intention, any evidence unconstitutionally seized from him could not have been used at the trial. But once he was no longer a party, Mr. Rhaburn would not have had

4

any valid objection. It was not ineffective assistance of trial counsel to fail to make a meritless claim. It was not ineffective assistance of appellate counsel to fail to pursue a meritless claim on appeal.

### Ground Six: Failure to Present a Defense

In his Sixth Ground for Relief, Mr. Rhaburn claims Charles Slicer, his trial counsel, "failed to prepare for a defense, call any suggested witnesses, or present any favorable admissible evidence during trial stating he had nothing to present." (Motion, Doc. No. 314). As the Government pointed out in its Answer, Mr. Rhaburn acquiesced in this approach when questioned about it by the Court (Answer, Doc. No. 323, PageID 3910, citing Tr. Tr. 12/14/2005 at 124-125.) The Government also noted that Mr. Rhaburn had not identified in the Motion any witnesses who could have been called or what they would have testified to or what other favorable admissible evidence was available. Defendant filed no reply to correct these deficiencies in his Motion.

In his Objections, Mr. Rhaburn still fails to identify any favorable evidence which was available to him at the time of trial. Thus he has failed to show there is any merit to this claim.

### Grounds Seven and Eight: Counsel on Sentencing

In his Seventh and Eighth Grounds for Relief, Mr. Rhaburn asserts ineffective assistance of trial counsel and ineffective assistance of appellate counsel in the failure of his trial and appellate counsel, respectively, to make further arguments respecting sentencing. In his Motion, Defendant did not identify what additional steps his counsel could have taken at sentencing and of course he filed no reply. But now in the Objections he asserts counsel could have quarreled with the amount of drugs attributable to him or argued that he qualified for the "safety valve" provided in U.S.S.G.

5

§ 5C1.2.

While the Probation Department and the Court were required to calculate an advisory guideline sentence, Defendant was found guilty by the jury of conspiring to distribute and to possess with intent to distribute in excess of five kilograms of cocaine. The actual evidence at trial was of an attempted delivery of nine kilograms, but upon conviction of Count 1 of the Indictment, the jury had attributed to Defendant, by proof beyond a reasonable doubt, more than five kilograms of cocaine. Given that conviction, Judge Rice was obliged to impose a sentence of not less than 120 months. The judge actually imposed a sentence of 121 months. To succeed on his Seventh and Eighth claims, Mr. Rhaburn has to prove that it is more likely than not that, had counsel made the arguments he now suggests, Judge Rice would have imposed a sentence of 120 months. He has not made that showing. In particular, he has not shown that he was eligible for the safety valve provision of the Guidelines.

### Grounds Nine and Ten: Transcripts

In Grounds Nine and Ten, Mr. Rhaburn claims he received ineffective assistance of appellate counsel when his appellate attorney did not order a transcript of voir dire (Ground Nine) or sentencing (Ground Ten). In rejecting these claims in the Report and Recommendations, the Magistrate Judge essentially found there was no prejudice shown – Mr. Rhaburn had not shown what difference these transcripts would have made to the appeal process (Report and Recommendations, Doc. No. 326, PageID 3929).

Mr. Rhaburn now claims in his Objections that lack of these transcripts prevented making "a valid *Batson* claim, *Crawford* argument, inadmissible evidence claim, and sentencing issues ..." (Objections, Doc. No. 330, PageID 3955). For the reasons set forth above, none of these claims has

6

any validity. Therefore it cannot have been ineffective assistance of appellate counsel to have failed to order these transcripts. Moreover, at least the *Crawford* and inadmissible evidence claims (assuming the latter refers to the Fourth Amendment issue) would not require either the voir dire or the sentencing transcripts to have been presented on direct appeal.

## Conclusion

Having carefully considered Defendant's Objections, the Magistrate Judge again respectfully recommends that the Motion be denied with prejudice and Defendant be denied a certificate of appealability and leave to appeal *in forma pauperis*.

February 8, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).